■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant. [892 NYS2d 774]—

A sex offender facing risk level classification under the Sex Offender Registration Act (hereinafter SORA) has a due process right to be present at the SORA hearing (*see People v Porter*, 37 AD3d 797 [2007]; *People v Brooks*, 308 AD2d 99, 103 [2003]; *see also* Correction Law § 168-n [3]). "To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (*People v Porter*, 37 AD3d at 797; *see People v Brooks*, 308 AD2d at 106).

Here, the record contains no evidence that the defendant received notice of the hearing date. Thus, as the People correctly concede, the defendant's due process rights were violated. Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3) (*see People v Brooksvasquez*, 24 AD3d 644 [2005]).

The defendant's contention that the eight-year delay between his conviction and his adjudication as a sex offender improperly resulted in his being subject to a lifetime registration requirement under the law as enacted in 2002 (L 2002, ch 11, § 13), rather than to the 10-year registration requirement under the law that was in effect in 1999, is not properly before this Court, since he failed to raise this argument before the Supreme Court (*see People v Ruben*, 65 AD3d 1026, 1027 [2009], *lv denied* 17 NY3d 714 [2009]).

The defendant's remaining contention is without merit. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.