■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMAR JACKSON, Appellant. [942 NYS2d 550]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Balter, J.), dated September 13, 2010, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and determination in accordance herewith.

"A sex offender facing risk level classification under the Sex Offender Registration Act (hereinafter SORA) has a due process right to be present at the SORA hearing" (*People v Gonzalez*, 69 AD3d 819, 819 [2010]; *see* Correction Law § 168-n [3]). "To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (*People v Porter*, 37 AD3d 797 [2007]; *see People v Brooks*, 308 AD2d 99, 106 [2003]).

Here, the Supreme Court found that the defendant validly waived his right to appear at the SORA hearing based on an undated, written waiver, which was prepared by the New York State Department of Correctional Services (now known as the

New York State Department of Corrections and Community Supervision) and purportedly signed by the defendant. However, the undated waiver did not provide the defendant with any notice that the hearing would be conducted in his absence, and there is no evidence in the record that the defendant was advised of the consequences of failing to appear (cf. *People v Porter*, 37 AD3d at 797; *People v Brooks*, 308 AD2d at 104). Defense counsel first learned of the written waiver on the morning of the SORA hearing and did not have an opportunity to speak with the defendant at any time before the hearing. The People correctly concede that the Supreme Court should not have denied defense counsel's application for an adjournment so that she could speak with the defendant. The defendant's due process rights were violated when the Supreme Court proceeded with the SORA hearing in his absence (*see People v Gonzalez*, 69 AD3d at 819).

Accordingly, the order must be reversed and the matter remitted to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3) (*see People v Brooksvasquez*, 24 AD3d 644 [2005]).

In light of this determination, the defendant's remaining contention need not be reached. Balkin, J.P., Chambers, Hall and Austin, JJ., concur.