“ ‘A sex offender facing risk level classification under the Sex Offender Registration Act (hereinafter SORA) has a due process right to be present at the SORA hearing’ ” (People v Jackson, 94 AD3d 961, 961 [2012], quoting People v Gonzalez, 69 AD3d 819, 819 [2010]; see Correction Law § 168-n [3]; People v Gutierrez-Lucero, — AD3d —, 2012 NY Slip Op 08708 [2d Dept 2012]). While a defendant may waive the right to be present at the hearing, for the waiver to be valid it must be shown, inter alia, that the defendant was advised of the hearing date and that the hearing would be conducted in his or her absence, of the nature of the rights he or she would be waiving, and of the consequences of failing to appear at the SORA hearing (see People v Jackson, 94 AD3d 961, 961-962 [2012]).
In People v Jackson, this Court reversed a SORA determination and remitted the matter for a new hearing after we *1096 determined that the defendant’s purported written waiver of his right to be present at the hearing was insufficient. Here, as was the case in People v Jackson (94 AD3d 961 [2012]), the defendant apparently executed an undated, written waiver of his right to appear at the SORA hearing which had been prepared by the New York State Department of Correctional Services (now known as the New York State Department of Corrections and Community Supervision). As defense counsel emphasized, this purported waiver neither set forth the nature of the rights waived, nor the consequences of the defendant’s failure to appear for the SORA hearing.
Unlike the circumstances in Jackson, here, upon defense counsel’s objection to the purported waiver on the ground that it did not constitute a knowing, voluntary, and intelligent waiver, the matter was adjourned for slightly more than one week for the purpose, among others, of affording counsel the opportunity to confer with the defendant. However, due to circumstances explained by defense counsel on the adjourned date, including restrictions placed on the defendant’s ability to telephone his attorney from prison, she was unable to do so.
Also unlike the circumstances in Jackson, here, by letter, the defendant, while expressing his desire to confer with counsel concerning the matter, directed his attorney to proceed with the SORA hearing, since he would only be eligible for release on his conditional release date, which was imminent, if he had been issued a SORA risk level designation.
On this record, the defendant established that his due process rights were violated when the Supreme Court proceeded with the SORA hearing on the adjourned date in his absence (see id. at 962; People v Gonzalez, 69 AD3d at 819). As in Jackson, here, there is no evidence in the record that the defendant was advised of the consequences of failing to appear (see People v Jackson, 94 AD3d at 962; cf. People v Porter, 37 AD3d at 797; People v Brooks, 308 AD2d at 104). Additionally, as in Jackson, defense counsel here did not have an opportunity to speak with the defendant prior to the hearing. Critically, while the defendant directed his attorney to proceed so that he could be released from prison on his conditional release date, which was the day after the adjourned date, under the circumstances of this case, this cannot be characterized as a valid waiver since there is no evidence in the record to demonstrate that the defendant intentionally and voluntarily relinquished or abandoned a known right (see generally People v Lopez, 6 NY3d 248, 256-257 [2006]; People v D'Alvia, 171 AD2d 96, 106 [1991]). Specifically, there is no evidence in this record that the defendant was made *1097 aware of the rights he would be waiving, and of the consequences of failing to appear for the SORA hearing, before he signed the purported written waiver and directed his attorney to proceed with the SORA hearing in his absence.
Accordingly, the order must be reversed and the matter remitted to the Supreme Court, Kings County, for a new hearing and a new determination, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3) (see People v Jackson, 94 AD3d at 962; People v Brooksvasquez, 24 AD3d 644 [2005]).
In light of our determination, the defendant’s remaining contention need not be reached. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.