■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL A. WALL, Appellant. [977 NYS2d 394]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated June 18, 2012, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that the County Court violated his due process right to appear at his risk assessment hearing pursuant to the Sex Offender Registration Act (*see* Correction Law § 168-n [3]; *People v Gonzalez*, 69 AD3d 819 [2010]) when it conducted the hearing in his absence. This contention is unpreserved for appellate review because the defendant's counsel, who represented him at the hearing, did not object (*see* CPL 470.05 [2]; *People v Warrington*, 19 AD3d 881 [2005]).

In any event, the contention is without merit. "Where it is clear that the defendant's absence is deliberate, despite knowledge that the [hearing] is about to begin, he or she forfeits his or her right to be present, regardless of whether he or she was informed that the [hearing] would proceed in his or her absence" (*People v Brooks*, 308 AD2d 99, 104 [2003]). Here, after being notified of his right to a hearing, at which he would be represented by counsel, as well as of the purpose and date of the hearing, the defendant sent a handwritten letter to the County Court, acknowledging his understanding of his right to a hearing and his right to counsel, but indicating that he did not wish to appear at the hearing. Under these circumstances, the County Court correctly determined that the defendant forfeited his right to be present at the hearing, and properly proceeded with the hearing in his absence (*see People v Abdul-Jalil*, 83 AD3d 809 [2011]; *People v Brooks*, 308 AD2d 99 [2003]; *cf. People v Ginyard*, 101 AD3d 1095 [2012]; *People v Jackson*, 94 AD3d 961 [2012]; *People v Porter*, 37 AD3d 797 [2007]). Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.