█ THE PEOPLE OF STATE OF NEW YORK, Respondent, v HENRY SORTO, Appellant. [998 NYS2d 641]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Koenderman, J.), dated March 7, 2011, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that the Supreme Court violated his due process right to appear at his risk assessment hearing pursuant to the Sex Offender Registration Act (hereinafter SORA; see Correction Law § 168-n [3]) when it conducted the hearing in his absence is unpreserved for appellate review, as the defendant's counsel, who represented him at the hearing, did not object to conducting the hearing in the defendant's absence (see CPL 470.05 [2]; People v Wall, 112 AD3d 900, 901 [2013]; People v Warrington, 19 AD3d 881 [2005]). In any event, under the circumstances of this case, the defendant's contention is without merit, as he forfeited his right to be present at the hearing, and the Supreme Court properly proceeded with the hearing in his absence (see People v Wall, 112 AD3d at 901; People v Brooks, 308 AD2d 99 [2003]; cf. People v Ginyard, 101 AD3d 1095 [2012]; People v Jackson, 94 AD3d 961 [2012]).

The Supreme Court providently exercised its discretion in granting the People's application for an upward departure, particularly in light of the heinous nature of the underlying sex crime, which involved the sexual abuse of an 18-month-old infant (see People v Simmons, 121 AD3d 465, 466 [2014]; People v Guasp, 95 AD3d 608 [2012]; People v Wyatt, 89 AD3d 112, 123 [2011]). Contrary to the defendant's contention, the People provided clear and convincing evidence of aggravating factors not adequately taken into account by the SORA guidelines (see People v LaPorte, 119 AD3d 758 [2014]; People v Faver, 113 AD3d 662, 663 [2014]; People v Burch, 90 AD3d 1429, 1431 [2011]). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.