THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KINSKY SOUVERAIN, Appellant. [25 NYS3d 683]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated November 15, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the

matter is remitted to the Supreme Court, Kings County, for a new hearing and new determination thereafter in accordance herewith.

" 'A sex offender facing risk level classification under the Sex Offender Registration Act (hereinafter SORA) has a due process right to be present at the SORA hearing' " (*People v Jackson*, 94 AD3d 961, 961 [2012], quoting *People v Gonzalez*, 69 AD3d 819, 819 [2010]; *see* Correction Law § 168-n [3]; *People v Gutierrez-Lucero*, 103 AD3d 89 [2012]).

Here, the defendant appeared before the Supreme Court with his counsel, Carol Schajer, on October 19, 2012. Schajer requested, and was granted, an adjournment of the SORA hearing so that she could obtain additional papers, and the defendant indicated his desire to waive his appearance at the next court date, during which the SORA hearing was supposed to take place. According to Schajer, the defendant understood that she would appear in his absence and request a downward departure to a level one designation. Following Hurricane Sandy, the matter was adjourned on two more occasions. The defendant did not make any appearance after the October 19, 2012 proceeding, and neither did Schajer. Instead, on November 8, 2012, the defendant was represented by new assigned counsel, Amy Rameau, who appeared on his behalf, and secured an adjournment. On November 15, 2012, the court asked Rameau if she obtained a waiver from the defendant of his right to be present at the SORA hearing. Rameau stated that the defendant previously appeared with Schajer and waived his appearance at that time. The court proceeded with the SORA hearing in the defendant's absence, and the defendant was ultimately designated a level two sex offender.

The defendant's contention that the Supreme Court violated his due process right to appear at his risk assessment hearing pursuant to SORA when it conducted the hearing in his absence is unpreserved for appellate review, since Rameau, who represented him at the hearing, did not object to conducting the hearing in the defendant's absence (*see People v Poleun*, 26 NY3d 973 [2015]; *People v Sorto*, 124 AD3d 744 [2015]). Nonetheless, we reach the contention in the interest of justice.

Under the particular circumstances presented here, the defendant's due process rights were violated when the Supreme Court proceeded with the SORA hearing in his absence. The record fails to establish that the defendant knowingly, intelligently, and voluntarily waived his right to appear at the SORA hearing on November 15, 2012, with the understanding that he was represented by Rameau. There is no indication on

this record that the defendant was even aware of the change in his counsel, or that he ever met or spoke with Rameau (*see People v Ginyard*, 101 AD3d 1095 [2012]). While, on October 19, 2012, the defendant expressed a desire to waive his right to appear at the SORA hearing so that Schajer, with whom he met and consulted, could appear in his absence and make arguments on his behalf, there is no indication on the record that the defendant intended to waive his right to appear at the SORA hearing so that Rameau, whom he likely never even met, could appear in his absence and make arguments on his behalf.

Accordingly, the order must be reversed and the matter remitted to the Supreme Court, Kings County, for a new hearing and new determination thereafter, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3) (*see People v Ginyard*, 101 AD3d at 1097; *People v Jackson*, 94 AD3d at 962). Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.