# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**393**

**KA 14-01242**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSUE ENCARNACION, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 10, 2014. The order determined that defendant is a level one risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: In appeal No. 1, defendant appeals from an order determining that he is a level one risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), but the only issues raised on appeal concern the order in appeal No. 2, determining that he is a sexually violent offender pursuant to SORA. We thus deem defendant's appeal from the order in appeal No. 1 abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984). Defendant contends in appeal No. 2 that Supreme Court erred in conducting the SORA hearing in his absence. We agree. A sex offender has a due process right to be present at a SORA hearing (*see People v David W.*, 95 NY2d 130, 138-140; *People v Gonzalez*, 69 AD3d 819, 819; *see also* § 168-n [3]), and the court "violated the due process rights of defendant when it held the SORA hearing in his absence without verifying that he had received the letter notifying him of the date of the hearing and his right to be present" (*People v Distaffen*, 71 AD3d 1597, 1598). We are thus constrained to reverse the order and remit the matter to Supreme Court for a new hearing and sexually violent offender determination in compliance with Correction Law § 168-n (3).

Defendant's remaining contentions in appeal No. 2 are moot in

light of our determination therein.