■ The People of the State of New York, Respondent, v Anthony Correnti, Appellant. [30 NYS3d 690]—

Appeal by the defendant from an order of the County Court, Nassau County (Delligatti, J.), entered March 14, 2013, which, after a hearing, designated him a level three sex offender and a sexual predator pursuant to Correction Law article 6-C.

Ordered that the order is modified, on the law, by deleting the provision thereof designating the defendant a sexual predator; as so modified, the order is affirmed, without costs or disbursements.

The defendant contends that the County Court violated his due process right to appear at his Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) hearing when it conducted the hearing in his absence. This contention

is without merit. The defendant requested that the hearing be conducted in his absence, and his attorney, who represented him at the hearing, did not object to conducting the hearing in the defendant's absence (*see People v Sorto*, 124 AD3d 744 [2015]; *People v Wall*, 112 AD3d 900, 901 [2013]). Accordingly, the defendant forfeited his right to be present at the hearing (*see People v Sorto*, 124 AD3d at 744; *People v Wall*, 112 AD3d at 901).

Contrary to the defendant's contention, the County Court properly assessed him 10 points under risk factor 13 of the risk assessment instrument (hereinafter RAI) for unsatisfactory conduct while confined. The case summary revealed that the defendant had recently committed a tier III disciplinary violation by attempting to write to one of his victims in violation of an order of protection (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter SORA Guidelines] at 16 [2006]; *People v Correnti*, 134 AD3d 635 [2015]; *People v Correnti*, 126 AD3d 681 [2015]).

The County Court properly granted the People's application for an upward departure from the defendant's presumptive designation as a level two sex offender. "Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (*People v Gillotti*, 23 NY3d 841, 861 [2014]). "At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [SORA] guidelines" (*id.* at 861; *see* SORA Guidelines at 4). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (*People v Gillotti*, 23 NY3d at 861; *see* SORA Guidelines at 4, 7). "[T]he People cannot obtain an upward departure pursuant to the guidelines unless they prove the existence of . . . aggravating circumstances by clear and convincing evidence" (*People v Gillotti*, 23 NY3d at 862). "[A]t the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*id.* at 861). Here, the People identified an aggravating factor not taken into account on the RAI, namely, the fact that after the defendant's conviction of the underlying sex offense in this matter, he was

convicted of sex offenses in Queens, Suffolk, and New York Counties (*see* SORA Guidelines at 14; *People v Williams*, 128 AD3d 1038, 1038-1039 [2015]). The People further satisfied their burden of proving, by clear and convincing evidence, the facts supporting the existence of that aggravating factor. Finally, the court providently exercised its discretion in concluding that the presumptive risk level under-assessed the defendant's dangerousness and risk of reoffense.

As the People correctly concede, the County Court erred in designating the defendant a sexual predator (*see* Correction Law § 168-a [3], [7]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.