■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JENKINS, Appellant. [56 NYS3d 532]—

Appeal by the defendant from an order of the Supreme Court,

Queens County (Margulis, J.), dated December 2, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and a new determination thereafter in accordance herewith.

In 2002, the defendant was convicted in Virginia of attempted rape (*see* Va Code Ann §§ 18.2-26, 18.2-61). After the defendant relocated to New York, the Board of Examiners of Sex Offenders evaluated his risk level under the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law §§ 168-a [2] [d] [ii]; 168-k). After a hearing, at which the defendant was not present, the Supreme Court designated the defendant a level two sex offender.

" 'A sex offender facing risk level classification under [SORA] has a due process right to be present at the SORA hearing' " (*People v Jackson*, 94 AD3d 961, 961 [2012], quoting *People v Gonzalez*, 69 AD3d 819 [2010]; *see* Correction Law § 168-n [3]; *People v Souverain*, 137 AD3d 765 [2016]; *People v Brooks*, 308 AD2d 99, 106 [2003]). "[W]here there is a question as to whether the defendant's failure to appear is deliberate, in order to establish a waiver, evidence must be presented that the defendant was advised of the hearing date, of his right to be present, and that the hearing would be conducted in his absence" (*People v Brooks*, 308 AD2d at 106; *see People v Gutierrez-Lucero*, 103 AD3d 89, 99 [2012]; *People v Jackson*, 94 AD3d at 961; *People v Gonzalez*, 69 AD3d at 819; *People v Porter*, 37 AD3d 797 [2007]).

Here, when defense counsel and the People initially appeared for the hearing, and the defendant failed to appear, the Supreme Court, recognizing its duty to ensure that any waiver of the defendant's right to be present was voluntary, adjourned the matter to permit defense counsel to send a notice to the defendant, by certified mail, return-receipt requested. Defense counsel sent the letter, but never received a return receipt from the post office or a response from the defendant, with whom he had never met or consulted. Defense counsel did not indicate any efforts he made to determine whether his letter had been delivered, such as, by contacting the post office. Further, there was no evidence in the record that notice was sent to the defendant by the court, but, even presuming such notice was sent, there was no evidence as to whether the notice was delivered or returned. Nor was there evidence regarding how the court or defense counsel obtained the address to which no-

tices were sent. Thus, as defense counsel asserted, there was reason to believe that the defendant may not have received notice of the hearing. Indeed, even the court acknowledged that possibility.

Since the record failed to establish that the defendant voluntarily waived his right to be present at the SORA hearing, the order must be reversed, and the matter must be remitted to the Supreme Court, Queens County, for a new risk level assessment hearing and a new determination thereafter, to be preceded by notice to the defendant.

In light of our determination, we need not reach the parties' remaining contentions. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.