People v Hunt (2018 NY Slip Op 01087)





People v Hunt


2018 NY Slip Op 01087


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2014-07976

[*1]People of State of New York, respondent,
v
Dane Hunt, appellant.


James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Itamar J. Yeger and Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Charles Apotheker, J.), entered August 5, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Rockland County, for a new hearing and a new determination thereafter in accordance herewith.
After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), at which the defendant was not present, the County Court designated the defendant a level two sex offender.
"A sex offender facing risk level classification under [SORA] has a due process right to be present at the SORA hearing" (People v Gonzalez, 69 AD3d 819, 819; see People v Parris, 153 AD3d 68, 76; People v Porter, 37 AD3d 797). While a defendant may waive the right to be present at the hearing, in order to establish a valid waiver it must be shown, inter alia, that "the defendant was advised of the hearing date, of his right to be present, and that the hearing would be conducted in his absence" (People v Brooks, 308 AD2d 99, 106; see People v Jenkins, 151 AD3d 891, 892; People v Ginyard, 101 AD3d 1095; People v Jackson, 94 AD3d 961; People v Porter, 37 AD3d at 797). Here, there is no evidence that the defendant was notified of the adjourned hearing date. Therefore, as the People correctly concede, the record fails to establish that the defendant voluntarily waived his right to be present at the hearing (see People v Jenkins, 151 AD3d at 893; People v Phillips, 110 AD3d 1050; People v Gonzalez, 69 AD3d 819).
Accordingly, the order must be reversed, and the matter must be remitted to the County Court, Rockland County, for a new risk level assessment hearing and a new determination thereafter, to be preceded by notice to the defendant.
In light of our determination, we need not reach the defendant's remaining contention.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court