People v Barney (2019 NY Slip Op 00153)





People v Barney


2019 NY Slip Op 00153


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-11245
 (Ind. No. 45/16)

[*1]People of State of New York, respondent,
v
Brandon D. Barney, appellant.


Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Deanna Russo on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated August 3, 2016. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and a new determination thereafter in accordance herewith.
The defendant's contention that he did not waive his right to be present at the hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) is unpreserved for appellate review (see People v Poleun, 26 NY3d 973, 974-975). Nonetheless, we reach the contention in the interest of justice.
A sex offender facing risk level classification under SORA has a due process right to be present at the SORA hearing (see People v Souverain, 137 AD3d 765; People v Gonzalez, 69 AD3d 819). "To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (People v Porter, 37 AD3d 797, 797). Reliable hearsay evidence, such as an affidavit, is admissible to establish waiver (see People v Brooks, 308 AD2d 99, 101). Here, the sole "evidence" that the defendant waived the right to be present was the statement by the court that it was informed off-the-record by the New York City Police Department Sex Offender Monitoring Unit that the defendant resided at an address in Manhattan and that notice of the hearing was sent to that address and not returned as undeliverable. There was no evidence, hearsay or otherwise, that the defendant expressed a desire to forgo his presence at the hearing (cf. People v Warrington, 19 AD3d 881). The fact that defense counsel had "no evidence to indicate" that the defendant did not receive notice of the hearing was not sufficient to indicate a waiver.
Accordingly, we reverse the order appealed from and remit the matter to the Supreme Court, Queens County, for a new hearing and a new determination thereafter, to be preceded by [*2]notice to the defendant in accordance with Correction Law § 168-n(3) (see People v Souverain, 137 AD3d at 767; People v Ginyard, 101 AD3d 1095, 1097). 
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court