People v Johnson (2024 NY Slip Op 05589)

People v Johnson

2024 NY Slip Op 05589

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-12253

[*1]The People of the State of New York, respondent, 
v
Jonathan Johnson, appellant. Randall D. Unger, Kew Gardens, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Gianna Gambino on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Cassandra M. Mullen, J.), dated December 14, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the Supreme Court did not violate his due process right to appear at his risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; see § 168-n[3]) when the court conducted the hearing in his absence. "Where it is clear that the defendant's absence is deliberate, despite knowledge that the [hearing] is about to begin, he or she forfeits his or her right to be present, regardless of whether he or she was informed that the [hearing] would proceed in his or her absence" (People v Brooks, 308 AD2d 99, 104; see People v Wall, 112 AD3d 900, 901). Here, after the defendant was notified of the hearing, assigned counsel, and adequately apprised of the consequences of failing to appear, the defendant refused to appear at the hearing. Under these circumstances, the court correctly determined that the defendant forfeited his right to be present and properly proceeded with the hearing in his absence (see People v Jackson, 139 AD3d 1031, 1031; People v Wall, 112 AD3d at 901; People v Brooks, 308 AD2d 99).
The defendant's remaining contention is without merit.
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court