■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WILLIAMS, Appellant. [658 NYS2d 102] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered September 20, 1991, convicting him of manslaughter in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the jury verdict was inconsistent is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v McFadden,* 194 AD2d 566). In any event, the verdict was not inconsistent as it was possible for the defendant to have had two different mental states at two different times. Furthermore, it was not unreasonable for the jury to find that the defendant acted recklessly in shooting one victim and acted intentionally in shooting the other *(see, People v Tankleff,* 199 AD2d 550).

The defendant's contention that he was entitled to a jury charge concerning the defense of temporary and lawful possession of a weapon is also without merit as a reasonable view of the evidence could not have supported such a finding *(see, People v Snyder,* 73 NY2d 900).

The defendant's contention that the evidence was legally insufficient to establish his intent with regard to the conviction of assault in the first degree is unpreserved for appellate review because the motion for a trial order of dismissal lacked specificity *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v McGee,* 204 AD2d 353). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt.

The imposition of consecutive sentences was not illegal since separate acts caused the assault and manslaughter *(see,* Penal Law § 70.25 [2]; *People v Jackson,* 219 AD2d 675).

Finally, the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.