■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASUDEB CHAKRABARTY, Appellant. [810 NYS2d 686]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 7, 2003, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his identity as a participant in the gang assault and that he acted with the intent to cause serious physical injury by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's identity as a participant in the gang assault beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant failed to preserve for appellate review his claim that the court was precluded from granting the prosecution's second motion to discharge a sworn juror by the law of the case doctrine after the court had denied the prosecution's first motion (*see* CPL 470.05 [2]). In any event, the law of the case doctrine is not applicable to the instant matter. The defendant's claim that he was deprived of his right to be tried by a jury of his choosing because of the court's discharge of a sworn juror after the case had proceeded to trial is without merit. To the extent that the defendant contends that the court improperly determined that a sworn juror was grossly unqualified to serve, we find that, under the circumstances, the court properly discharged the juror pursuant to CPL 270.35 (*see People v Ahmr,* 22 AD3d 593, 595 [2005], *lv denied* 6 NY3d 752 [2005]).

The defendant's remaining contention is without merit. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.