THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD R. PORTER, Appellant. [832 NYS2d 53]—

Appeal by the defendant from an order of the Supreme Court, Dutchess County (Sproat, J.), dated April 1, 2005, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A sex offender facing risk level classification under the Sex Offender Registration Act (hereinafter SORA) has a due process right to be present at the SORA hearing but his presence at this noncriminal proceeding is entirely voluntary (*see People v Brooks,* 308 AD2d 99 [2003]; Correction Law § 168-n [3]). To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence (*see People v Brooks, supra*). Reliable hearsay is admissible on the issue of waiver (*see People v Brooks, supra;* Correction Law § 168-n [3]).

Here, the defendant was aware of his right to be present at the SORA hearing, and was advised by defense counsel of the date of the hearing and of the consequences of his failure to appear. Thus, the defendant waived his right to be present. Since the defendant was given a meaningful opportunity to contest his risk level designation at the SORA hearing, his right to due process was not violated. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.