THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHANG SOO PARK, Appellant. [842 NYS2d 61]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 21, 2004, convicting him of sodomy in the first degree, sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his statements to the police should have been suppressed. However, the credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Jenneman,* 37 AD3d 736 [2007]). Here,

the record supports the hearing court's findings that the defendant knowingly and intelligently waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and voluntarily made statements to law enforcement officials.

The defendant's contention that the record developed at the *Huntley* hearing (*see People v Huntley,* 15 NY2d 72 [1965]) established that his statements were the product of an illegal arrest is unpreserved for appellate review (*see People v Garcia,* 284 AD2d 106 [2001]). In any event, the defendant's request for a *Dunaway* hearing (*see Dunaway v New York,* 442 US 200 [1979]) was properly denied since his supporting papers were conclusory and failed to set forth factual allegations sufficient to warrant such a hearing (*see People v Scott,* 182 AD2d 649 [1992]). " 'It was this ruling by the hearing court and not a failure of proof by the People that resulted in evidence of the legality of the [arrest] remaining undeveloped' " (*People v Fountaine,* 269 AD2d 748 [2000], quoting *People v Giles,* 73 NY2d 666, 671 [1989]). This Court may not rely upon the record of the *Huntley* hearing to decide the merits of the unlitigated ground for suppression raised in the defendant's omnibus motion (*see People v Fountaine, supra*).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.