■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID WALKER, Appellant. [846 NYS2d 340]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered February 10, 2005, convicting him of murder in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree, and assault in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his written statement made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress his written statement made to law enforcement officials. The hearing court properly determined that the defendant's written statement was voluntarily made after the defendant was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). The hearing testimony of Detective Leto, who questioned the defendant, supported the court's determination, as it was clear, consistent, and credible. Indeed, that testimony supported, as well, denial of that branch of the defendant's motion which was to suppress his oral statement to Detective Leto, which was later memorialized on Detective Leto's DD5 form. Although the oral statement was not offered at trial because of the Supreme Court's unexplained ruling that it could not be offered, there was no basis for suppressing the oral statement.

Moreover, because the oral statement was voluntarily made, the defendant's privilege against self-incrimination was not violated when a law enforcement officer testified at trial that the defendant, in fact, gave an oral statement. We note that, in any event, the officer did not reveal the content of that statement.

The defendant's contention that he was denied the effective assistance of counsel because of counsel's failure to object to the trial court's charge is without merit. The charge articulated the law at the time it was given to the jury (*see People v Register*, 60

NY2d 270 [1983], *cert denied* 466 US 953 [1984]). Viewing the record as a whole, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to the defendant's contention, the consecutive sentences imposed were not illegal (*see People v Ayala*, 36 AD3d 827 [2007]; *People v Boone*, 30 AD3d 535, 536 [2006]; *People v Williams*, 240 AD2d 441, 442 [1997]; *People v Reyes*, 239 AD2d 524, 525 [1997]).

The defendant's remaining contentions are unpreserved for appellate review and we decline to reach them in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3]). Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.