■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HAGGERTY, Appellant. [851 NYS2d 626]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered July 26, 2006, convicting him of burglary in the third degree, petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his motion for a mistrial based on the admission of a surveillance video that was slightly different from the version given to the defense prior to trial. The defendant failed to show that he was prejudiced in his defense by the delay in the production of the correct video (see People v Herrera, 136 AD2d 567, 568 [1988]).

The defendant's claim that various remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review. The defendant only made general objections to the prosecutor's comments, did not request curative instructions, and did not seek further relief after curative instructions were given (see CPL 470.05 [2]; People v Salnave, 41 AD3d 872, 874 [2007]; People v Doran, 27 AD3d 480 [2006]; People v White, 5 AD3d 511 [2004]; People v Butts, 279 AD2d 587, 588 [2001]). In any event, the challenged remarks were a fair response to the defense summation (see People v Jones, 294 AD2d 517, 518 [2002]; see People v Edwards, 292 AD2d 393 [2002]).

Finally, the defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the circumstances in totality as of the time of the representation reveals that the defendant was afforded meaningful representation (see People v Henry, 95 NY2d 563, 565 [2000]; People v Baldi, 54 NY2d 137, 147 [1981]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUHAMMED HANIF, Appellant. [851 NYS2d 55]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Hanophy, J.), imposed June 27, 2006, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Mastro, Lifson and Balkin, JJ., concur.