THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH McKoy, Appellant. [852 NYS2d 869]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]), and this case does not fall within the rare exception to the preservation requirement (*see id.* at 666). Present— Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL O. ENSELL, Appellant. [852 NYS2d 862]—

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Contrary to the contention of defendant, County Court's determination of his risk level is supported by the requisite clear and convincing evidence (*see* § 168-n [3]; *People v Vacanti*, 26 AD3d 732, 733 [2006], *lv denied* 6 NY3d 714 [2006]; *People v Hamelinck*, 23 AD3d 1060 [2005]). Contrary to defendant's further contention, the case summary constitutes reliable hearsay, and the court properly considered it in determining defendant's risk level (*see People v Woods*, 41 AD3d 1299 [2007], *lv denied* 9 NY3d 809 [2007]; *People v Vaughn*, 26 AD3d 776 [2006]). Finally, we conclude that defendant waived his right to be present at the SORA hearing inasmuch as the record establishes that he signed a written waiver of that right, in which he "was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his . . . absence" (*People v Porter*, 37 AD3d 797 [2007]; *see People v Brooks*, 308 AD2d 99, 105-106 [2003], *lv denied* 1 NY3d 502 [2003]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.