■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO CABRERA, Appellant. [877 NYS2d 213]—Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered September 13, 2006, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Zambelli, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the record developed at the *Huntley* hearing (*see People v Huntley,* 15 NY2d 72 [1965]) established that his statements were the product of an illegal arrest is unpreserved for appellate review (*see People v Park,* 43 AD3d 1074, 1075 [2007]; *People v Mitchell,* 303 AD2d 422, 423 [2003]). In any event, it was the defendant's failure to seek a *Dunaway* hearing (*see Dunaway v New York,* 442 US 200 [1979]), " 'and not a failure of proof by the People that resulted in evidence of the legality of the [arrest] remaining undeveloped' " (*People v Fountaine,* 269 AD2d 748 [2000], quoting *People v Giles,* 73 NY2d 666, 671 [1989]). This Court may not rely upon the record of the *Huntley* hearing to decide the merits of an unlitigated ground for suppression (*see People v Fountaine,* 269 AD2d at 748).

The defendant's contention that the People failed to prove, by legally sufficient evidence, that he acted with the intent to cause

serious physical injury is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492-493 [2008]; *People v Chakrabarty,* 27 AD3d 657, 658 [2006]). In any event, the evidence was legally sufficient to establish that the defendant acted with the intent to cause serious physical injury (*see People v Camus,* 255 AD2d 392 [1998]; *People v Williams,* 240 AD2d 441, 442 [1997]) and that the victim suffered serious physical injury (*see People v Kearney,* 24 AD3d 1105, 1106 [2005]; *People v Rivera,* 300 AD2d 168, 168-169 [2002]; *People v Tatta,* 177 AD2d 674 [1991]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nonetheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant was afforded meaningful representation (*see People v Henry,* 95 NY2d 563, 565 [2000]; *People v Haggerty,* 48 AD3d 480 [2008]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contention, raised in point one of his brief, concerning alleged prosecutorial misconduct, is unpreserved for appellate review, and the defendant's remaining contentions are without merit. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.