■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL ARRAHMAN, Appellant. [919 NYS2d 885]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Berkowitz, J.), entered March 23, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new risk level assessment hearing and a new determination thereafter, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3), as the People intend to seek a determination that differs from the recommendation submitted by the Board of Examiners of Sex Offenders.

"A sex offender facing risk level classification under the Sex Offender Registration Act (hereinafter SORA) has a due process right to be present at the SORA hearing but his presence at this noncriminal proceeding is entirely voluntary" (*People v Porter*, 37 AD3d 797 [2007]; *see People v Gonzalez*, 69 AD3d 819 [2010]; *People v Brooks*, 308 AD2d 99, 104 [2003]). "To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (*People v Porter*, 37 AD3d at 797; *see People v Brooks*, 308 AD2d at 106). Thus, the defendant's failure to appear must be deliberate (*see People v Reid*, 49 AD3d 338, 339 [2008]; *People v Brooks*, 308 AD2d at 106).

As the People correctly concede, the defendant's failure to appear was not deliberate. The defendant was incarcerated in Florida at the time of the SORA hearing, and his attorney informed the court that the defendant would not waive his appearance. Consequently, the defendant is entitled to a new hearing.

In light of our determination, the defendant's remaining contentions have been rendered academic. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.