Appeal by the defendant from an order of the Supreme Court, Kings County (Tomei, J.), dated March 4, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3).
“ ‘A sex offender facing risk level classification under the Sex Offender Registration Act (hereinafter SORA) has a due process right to be present at the SORA hearing’ ” (People v Jackson, 94 AD3d 961, 961 [2012], quoting People v Gonzalez, 69 AD3d 819, 819 [2010]; see Correction Law § 168-n [3]; People v Gutierrez-Lucero, 103 AD3d 89, 99 [2012]; People v Ginyard, 101 AD3d 1095, 1095 [2012]; People v Arrahman, 83 AD3d 680, 680 [2011]). “ ‘To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence’ ” (People v Jackson, 94 AD3d at 961, quoting People v Porter, 37 AD3d 797, 797 [2007]; see People v Gutierrez-Lucero, 103 AD3d at 99; People v Arrahman, 83 AD3d at 680; People v Brooks, 308 AD2d 99, 106 [2003]).
Here, the record contains no evidence that the defendant received notice of the hearing date. Thus, as the People correctly concede, the defendant’s due process rights were violated. Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination, to be preceded by notice to the defendant in accordance with Correction Law § 168-n (3).
In light of our determination, the defendant’s remaining contention need not be reached. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.