# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**812**

**KA 13-01143**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                   MEMORANDUM AND ORDER

JAMES R. POLEUN, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Niagara County Court (Matthew J. Murphy, III, J.), dated May 23, 2013. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant failed to preserve for our review his contention that County Court's acceptance of his waiver of appearance constituted a violation of due process (*see People v Wall*, 112 AD3d 900, 901; *see also People v Warrington*, 19 AD3d 881, 882; *see generally People v Charache*, 9 NY3d 829, 830). In any event, we conclude that defendant's right to due process was not violated. Defendant waived his right to be present at the SORA hearing when he informed the court in writing that he did not wish to appear. Defendant also signed a written waiver of that right, in which he " 'was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his . . . absence' " (*People v Ensell*, 49 AD3d 1301, 1301, *lv denied* 10 NY3d 715; *see People v Brooks*, 308 AD2d 99, 104, *lv denied* 1 NY3d 502).

Contrary to defendant's further contention, we conclude that the court properly granted the People's request for an upward departure from the presumptive level two risk, which was based on defendant's score on the risk assessment instrument, and assessed him as a level three risk. An upward departure is warranted where, as here, "there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (*People v Zimmerman*, 101 AD3d 1677, 1678 [internal

quotation marks omitted]; *see People v Abraham*, 39 AD3d 1208, 1209).
The record establishes that defendant was convicted of two
misdemeanors involving inappropriate conduct towards children
previously unknown to him prior to his conviction of possessing a
sexual performance by a child (Penal Law § 263.16).  In addition,
defendant admitted that he took into his home two "runaways" who later
accused him of rape, and that his prior places of employment included
places frequented by children, such as roller skating rinks, video
game arcades, and child-themed restaurants.  We therefore conclude
that "the risk of repeat offense is high and there exists a threat to
the public safety" (Correction Law § 168-*l* [6] [c]), thereby
warranting the upward departure to a level three risk (*see People v
Ryan*, 96 AD3d 1692, 1693, *lv dismissed* 20 NY3d 929; *People v DeBiaso*,
49 AD3d 1280, 1281, *lv denied* 10 NY3d 711).

Entered:  July 3, 2014                          Frances E. Cafarell
                                                Clerk of the Court