This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 128
The People &c.,
            Respondent,
        v.
James R. Poleun,
            Appellant.




        Joseph G. Frazier, for appellant.
        Laura T. Bittner, for respondent.




MEMORANDUM:

        The order of the Appellate Division should be affirmed, without costs.

        Defendant pleaded guilty to one count of possession of a sexual performance by a child (Penal Law § 263.16), in full

- 1 -

satisfaction of the charges against him.  He was sentenced to an indeterminate term of 1 and 1/3 to 4 years.

As defendant neared his expected release, the Board of Examiners of Sex Offenders (the Board) prepared a Risk Assessment Instrument (RAI) assessing him 100 points - a presumptive level two classification - but recommended an upward departure to a risk level three designation.  A hearing on defendant's classification was scheduled and defendant was assigned counsel.

Prior to the hearing, County Court had received two letters from defendant stating that he did not wish to attend. In one of the letters, defendant expressed a fear that, if he was transferred from Great Meadow Correctional Facility where he was presently incarcerated to the Attica Correctional Facility in anticipation of his hearing, he would suffer personal injury at the hands of the correction officers.  He further stated that he explained these fears to his lawyer and that he was hopeful that his lawyer would address the things he believed were wrong in the RAI.

At the hearing, defense counsel acknowledged that his office had spoken to defendant regarding his absence and counsel handed the court a waiver of appearance executed by defendant. With defense counsel's consent and defendant's waiver of appearance, the court proceeded with the hearing in defendant's absence.  County Court granted the People's request for an upward departure and adjudicated defendant a level three sex offender.

Defendant appealed, arguing, among other things, that his waiver of appearance was not made knowingly, intelligently, and voluntarily.

We agree with the Appellate Division that defendant failed to preserve the challenge to his waiver of appearance. Defense counsel, who represented defendant at the SORA hearing, did not raise any objection to the validity of defendant's waiver of appearance. Rather, at the hearing, he provided the court with an executed waiver and agreed to proceed with the hearing in defendant's absence. We further reject defendant's contention that this is one of the "rare case[s]" in which preservation is not required (cf. People v Lopez, 71 NY2d 662, 666 [1988]).

Defendant's remaining contentions are without merit.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, without costs, in a memorandum. Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam and Stein concur. Judge Fahey took no part.

Decided October 15, 2015