People v Caleb (2019 NY Slip Op 02002)





People v Caleb


2019 NY Slip Op 02002


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1448 KA 18-00177

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT J. CALEB, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Niagara County Court (William J. Watson, A.J.) entered September 6, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court's acceptance of his waiver of appearance constituted a violation of due process. Defendant failed to preserve that contention for our review because defendant's counsel did not raise any objection to the validity of the waiver and instead agreed to proceed with the hearing in defendant's absence after confirming that defendant had waived his appearance (see People v Poleun, 26 NY3d 973, 974-975 [2015]). In any event, we conclude that defendant's right to due process was not violated inasmuch as the record establishes that defendant "was advised of the [SORA] hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his . . . absence," and defendant waived his right to be present by informing the court in writing that he did not wish to appear (People v Poleun, 119 AD3d 1378, 1379 [4th Dept 2014], affd 26 NY3d 973 [2015] [internal quotation marks omitted]; see People v Ensell, 49 AD3d 1301, 1301 [4th Dept 2008], lv denied 10 NY3d 715 [2008]).
With respect to the merits, we reject defendant's contention that the People failed to present clear and convincing evidence to support the assessment of 15 points under risk factor 11 for defendant's history of drug abuse (see Correction Law § 168-n [3]). Defendant acknowledged during the presentence investigation that he had smoked marihuana for several years and, despite his assertion that he had ceased regular use of that substance prior to the underlying offenses, the case summary and statements of the underage female victims established that defendant provided marihuana to the victims and repeatedly smoked it with them at his apartment during the course of his sexual misconduct against them (see People v Kunz, 150 AD3d 1696, 1697 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; People v Palacios, 137 AD3d 761, 762 [2d Dept 2016]; People v Rodriguez, 134 AD3d 492, 492 [1st Dept 2015]; People v Filkins, 107 AD3d 1069, 1069-1070 [3d Dept 2013]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court