People v Chang Soo Park (2020 NY Slip Op 05539)





People v Chang Soo Park


2020 NY Slip Op 05539


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-03732

[*1]People of State of New York, respondent,
v
Chang Soo Park, appellant. Janet E. Sabel, New York, NY (Arthur H. Hopkirk of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Hannah X. Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard Buchter, J.), dated January 9, 2017, which, after a hearing, designated him a level one sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant's contention that the Supreme Court violated his due process right to appear at his risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) when it conducted the hearing in his absence is unpreserved for appellate review. The defendant's counsel, who represented him at the hearing, did not object to conducting the hearing in the defendant's absence (see CPL 470.05[2]; People v Poleun, 26 NY3d 973, 974-975; People v Barney, 168 AD3d 774, 774).
In any event, under the circumstances of this case, the defendant's contention is without merit (see People v Sorto, 124 AD3d 744, 744). "A sex offender facing risk level classification under SORA has a due process right to be present at the SORA hearing" (People v Barney, 168 AD3d at 774). "To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (People v Porter, 37 AD3d 797, 797).
Here, the defendant executed a waiver of his right to appear at the SORA hearing that set forth the nature of the rights waived and the consequences of the defendant's failure to appear at the SORA hearing, and also sent an additional letter affirming his waiver (cf. People v Ginyard, 101 AD3d 1095, 1096). This Court has previously found that this defendant can knowingly, voluntarily, and intelligently waive his rights without the aid of an interpreter (see People v Park, 43 AD3d 1074, 1075).
Accordingly, the Supreme Court did not violate the defendant's due process right to appear at his risk assessment hearing when it conducted the hearing in his absence.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court