People v Perez (2023 NY Slip Op 05161)

People v Perez

2023 NY Slip Op 05161

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2018-05819

[*1]People of State of New York, respondent, 
v
Hedilberto Perez, appellant.

Twyla Carter, New York, NY (Rebecca D. Martin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated April 4, 2018, which, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and a new determination thereafter in accordance herewith.
The defendant was convicted, upon a plea of guilty, of attempted rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level two sex offender. The defendant appeals.
The defendant's contention that he did not waive his right to be present at the SORA hearing is unpreserved for appellate review (see People v Poleun, 26 NY3d 973, 974-975). Nonetheless, we reach the contention in the interest of justice.
A sex offender facing risk level classification under SORA has a due process right to be present at the SORA hearing (see People v Souverain, 137 AD3d 765; People v Gonzalez, 69 AD3d 819). "To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (People v Porter, 37 AD3d 797, 797). Reliable hearsay evidence, such as an affidavit, is admissible to establish waiver (see People v Brooks, 308 AD2d 99, 106; see also Correction Law § 168-n[3]). Here, the record is silent as to whether the defendant received notice of the SORA hearing and there was no evidence, hearsay or otherwise, that the defendant expressed a desire to forego his presence at the hearing.
Since the record fails to establish that the defendant voluntarily waived his right to be present at the SORA hearing, the order must be reversed and the matter remitted to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination thereafter, to be preceded by notice to the defendant in accordance with Correction Law § 168-n(3).
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court