People v West (2023 NY Slip Op 06493)

People v West

2023 NY Slip Op 06493

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Ind. No. 4735/85 Appeal No. 1242 Case No. 2020-03845 

[*1]The People of the State of New York, Respondent,
v
Russell West, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Aviva Galpert of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Order, Supreme Court, New York County (Miriam R. Best, J.), entered on or about August 18, 2020, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in denying a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were either adequately taken into account by the risk assessment instrument or, to the extent not, outweighed by the seriousness of the underlying crimes, in which defendant robbed and sexually assaulted five female strangers at knifepoint within a two-month timeframe. Further, defendant had engaged in a prior similar pattern of sex offenses against five other women for which he was convicted, and the fact that defendant committed the underlying offenses a year after being released from prison on the prior convictions indicated a significant risk of recidivism and harm to the public (see People v Rosario, 216 AD3d 601 [1st Dept 2023]; People v Quinones, 123 AD3d 460 [1st Dept 2014]).
Defendant failed to preserve his claim that the court violated his due process right to be present by holding a virtual hearing, and we decline to address it in the interest of justice. Defendant did not raise any objections that he was unable to confer with counsel or hear, see, or otherwise participate in the proceeding over video (see People v Poleun, 26 NY3d 973, 974-975 [2015]). As an alternative holding, we find no violation of defendant's due process rights. The court properly decided to conduct a hearing remotely during the midst of the COVID-19 pandemic (see e.g. Matter of Saymone N. v Joshua A., 202 AD3d 507, 508 [1st Dept 2022]), and the record establishes that the court ensured that defendant was connected and present throughout the proceeding. A presumption of regularity attached, and defendant has not presented substantial evidence establishing that he was absent, or was prevented from consulting with counsel or participating in the proceeding, during any part of the hearing (see People v Velasquez, 1 NY3d 44, 48 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023