People v Robinson (2024 NY Slip Op 04789)

People v Robinson

2024 NY Slip Op 04789

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2020-03423

[*1]The People of the State of New York, respondent, 
v
Randell Robinson, appellant. 

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated February 26, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In April 2010, the defendant was convicted, upon his plea of guilty, of two counts of criminal sexual act in the first degree, aggravated sexual abuse in the second degree, sexual abuse in the first degree, aggravated unlicensed operation of a motor vehicle in the first degree, and endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 130 points on the risk assessment instrument, resulting in a presumptive risk level of three, and designated the defendant a level three sex offender.
The defendant contends that the Supreme Court violated his due process right to appear at the SORA hearing when it conducted the hearing in his absence. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Chang Soo Park, 187 AD3d 804). In any event, under the circumstances of this case, the defendant's contention is without merit (see People v Chang Soo Park, 187 AD3d 804; People v Porter, 37 AD3d 797). "A sex offender facing risk level classification under [SORA] has a due process right to be present at the SORA hearing" (People v Gonzalez, 69 AD3d 819, 819; see Correction Law § 168-n[3]; People v Gutierrez-Lucero, 103 AD3d 89). "To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (People v Arrahman, 83 AD3d 680, 680 [internal quotation marks omitted]). "Thus, the defendant's failure to appear must be deliberate" (id.). Here, the record reflects that the defendant waived his right to be present, and therefore, the Supreme Court properly proceeded with the hearing in his absence (see People v Porter, 37 AD3d 797).
The defendant challenges the assessment of points under risk factor 11 (drug or alcohol abuse). In establishing a defendant's risk level pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Bullock, 217 AD3d 886, 887). Here, the People [*2]established by clear and convincing evidence that the defendant has a history of substance abuse within the meaning of risk factor 11 through submission of the case summary prepared by the Board of Examiners of Sex Offenders, the presentence investigation report, and reports completed by corrections officers and counselors. These documents recite, among other things, that the defendant began using marijuana at the age of 13 and, at his worst, smoked marijuana on a daily basis, he had used cocaine and marijuana while on parole, and he scored in the "Alcoholic" range on the Michigan Alcohol Screening Test and in the "Substance Abuse Indicated" range on the Simple Screening Inventory upon his incarceration for the underlying offenses. Further, the Supreme Court properly assessed the defendant 15 points under risk factor 11 despite the defendant's abstinence during his incarceration (see People v Oliver, 215 AD3d 772, 773; People v Adkinson, 175 AD3d 612).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel by defense counsel's failure to request a downward departure. "A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Parvez, 209 AD3d 885, 886 [internal quotation marks omitted]; see People v Bowles, 89 AD3d 171, 178-179). Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than on the impact of counsel's errors on the outcome of the case (see People v Georgiou, 38 AD3d at 160-161). Even under the state standard, however, a claim that counsel was ineffective for failing to make a motion or argument is without merit when such motion or argument had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Dabney, 221 AD3d 624, 625).
Here, the record demonstrates that a request for a downward departure would have had little or no chance of success, and there is no reasonable probability that, had defense counsel requested a downward departure, the result of the proceeding would have been different (see People v Ivey, 223 AD3d 686; People v Korzeniowski, 220 AD3d 816).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court