People v Kiernan (2024 NY Slip Op 05994)

People v Kiernan

2024 NY Slip Op 05994

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-00603

[*1]The People of the State of New York, respondent,
v
Henry Kiernan, appellant.

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Jessica Z. Segal, J.), dated December 15, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of rape in the first degree under Penal Law former § 130.35(4), and sentenced to concurrent determinate terms of imprisonment of 19 years. After a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), the County Court designated the defendant a level three sex offender.
The defendant's contention that he did not validly waive his right to be present at the SORA hearing is unpreserved for appellate review. Defense counsel did not object to the validity of the defendant's waiver of appearance at the SORA hearing, or to conducting the hearing in the defendant's absence (see CPL 470.05[2]; People v Poleun, 26 NY3d 973, 974-975; People v Perez, 220 AD3d 818, 819; People v Chang Soo Park, 187 AD3d 804; People v Wall, 112 AD3d 900, 901).
In any event, the defendant's contention is without merit. "A sex offender facing risk level classification under SORA has a due process right to be present at the SORA hearing" (People v Perez, 220 AD3d at 819; see People v Chang Soo Park, 187 AD3d 804; People v Porter, 37 AD3d 797). "'To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence'" (People v Perez, 220 AD3d at 819, quoting People v Porter, 37 AD3d at 797; see People v Chang Soo Park, 187 AD3d 804; People v Brooks, 308 AD2d 99, 106). Reliable hearsay is admissible to establish waiver (see People v Perez, 220 AD3d at 819; People v Brooks, 308 AD2d at 106; see also Correction Law § 168-n[3]). Here, the record demonstrates that the defendant received notice of the SORA hearing, sent the County Court a letter stating that he did not wish to appear, and was informed by defense counsel prior to the hearing of his right to be present at the SORA hearing and of the consequences of his failure to appear. Under these circumstances, the defendant validly waived his right to be present at the SORA hearing (see People v Poleun, 26 NY3d at 974; People v Porter, 37 AD3d at 797).
Contrary to the defendant's contention, defense counsel was not ineffective for failing to request a downward departure based on a purported medical condition. The record demonstrates that such an argument had little or no chance of success, and there is no reasonable probability that had counsel requested a downward departure on this basis, the result of the proceeding would have been different (see People v Dabney, 221 AD3d 624, 625; People v Mizhquiri-Duarte, 211 AD3d 977, 977; People v Jimenez, 178 AD3d 1099, 1101; People v Mota, 165 AD3d 988, 989).
The defendant's remaining contentions are without merit.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court