People v Santiago (2025 NY Slip Op 02381)

People v Santiago

2025 NY Slip Op 02381

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-23-2062
[*1]The People of the State of New York, Respondent,
v
Jonathan Santiago, Appellant.

Calendar Date:March 28, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Trevor W. Hannigan, Albany, for appellant.
Emmanual C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

McShan, J.
Appeal from an order of the County Court of Ulster County (James Farrell, J.), entered August 11, 2022, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2018, defendant pleaded guilty to attempted rape in the second degree stemming from his conduct in having sexual intercourse with a 14-year-old girl when he was 22 years old. He was sentenced to a prison term of four years, to be followed by 10 years of postrelease supervision. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), presumptively classifying him as a risk level two sex offender, with a total score of 80 points. The Board's case summary reflects that 30 points were not added under risk factor 9 for his criminal history of a prior conviction of endangering the welfare of a child, which the Board acknowledged the court may wish to reassess if further information regarding this offense were obtained. A SORA hearing was held virtually, at which defendant was not present but was represented by counsel. The People adopted the Board's RAI and advocated in favor of a risk level two sex offender classification, acknowledging that defendant's prior conviction of endangering the welfare of a child would support the addition of 30 points under risk factor 9, making him a presumptive risk level three sex offender (with a total score of 110 points). However, the People were not recommending the addition of those points due to what the People characterized as defendant's "severe cognitive issues." County Court ultimately adopted the RAI with the addition of 30 points under risk factor 9, for a total score of 110 points, denied defendant's request for a downward departure and classified defendant as a risk level three sex offender. Defendant appeals.[FN1]
Defendant argues that his due process rights were violated in that he did not validly waive his right to participate in the SORA hearing. "A sex offender facing risk level classification under SORA has a due process right to be present at the SORA hearing" and, thus, "[t]o establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (People v Kiernan, 232 AD3d 916, 916-917 [2d Dept 2024] [internal quotation marks and citations omitted]; see People v Hunt, 158 AD3d 730, 730 [2d Dept 2018]). At the outset of the virtual hearing, County Court stated that defendant "has been served and has indicated to the court [that] he does not wish to be present." Although defense counsel did not respond to that statement or object to proceeding in defendant's absence, we find that preservation is [*2]not required here because defendant had "no practical ability to object" to the due process error — his absence from the SORA hearing — as the record does not reflect that he was aware of his right to participate in the hearing or waived that right (People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]; see People v Williams, 27 NY3d 212, 221 [2016]; People v Conceicao, 26 NY3d 375, 381-382 [2015]; compare People v Eason, 233 AD3d 1194, 1195 [3d Dept 2024], lv denied ___ NY3d ___ [Apr. 17, 2025]; cf. People v Perez, 220 AD3d 818, 819 [2d Dept 2023] [reversing a SORA risk level classification in the interest of justice, based upon the unpreserved error that defendant did not waive his right to be present at the hearing]; People v Barney, 168 AD3d 774, 774 [2d Dept 2019] [same]).
The record does not establish that defendant was advised of the hearing date, the right to be present or of the consequences of failing to appear and/or participate. County Court's passing remark at the outset of the hearing that defendant had been "served" and did not wish to be present did not demonstrate such advisement or the basis for finding a waiver, and defense counsel did not represent that he had provided such advisements to defendant, that defendant was aware of his rights or that defendant had "expressed a desire to forego his presence at the hearing" (People v Perez, 220 AD3d at 819; cf. People v Poleun, 26 NY3d 973, 974 [2015]; People v Caleb, 170 AD3d 1618, 1618 [4th Dept 2019], lv denied 33 NY3d 910 [2019]; People v Porter, 37 AD3d 797, 797 [2d Dept 2007]). No documentation of the advisement or waiver appears in the record (cf. People v Poleun, 26 NY3d at 974-975; People v Kiernan, 232 AD3d at 916-917; People v Chang Soo Park, 187 AD3d 804, 805 [2d Dept 2020], lv denied 36 NY3d 907 [2021]).
Although the People submitted a July 19, 2022 email correspondence indicating that an order to produce defendant for the SORA hearing was sent by County Court to the facility where defendant was apparently incarcerated,[FN2] the responsive email from a Department of Corrections and Community Supervision employee stated only that defendant "is waiving his right to be present in court" for the SORA hearing, which was insufficient to establish that defendant was advised of the hearing date, his right to participate remotely or the consequences of failing to appear or participate. As such, the record fails to establish that defendant voluntarily waived his right to participate in the hearing, where County Court may have had the opportunity to assess any cognitive impairment and its impact, if any, on the appropriate risk level classification. Therefore, without expressing any opinion as to the appropriate risk level, the order must be reversed and the matter remitted to County Court for a new risk level assessment hearing and a new determination, preceded by the required notice (see Correction Law § 168-n [3]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and [*3]Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Ulster County, for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although defendant's notice of appeal was premature because it was filed prior to the entry of County Court's order, we will, in the interest of judicial economy, treat it as valid and address the merits of the appeal (see CPLR 5520 [c]; People v Harvey, 202 AD3d 1296, 1296 n 1 [3d Dept 2022]).

Footnote 2: The July 19, 2022 email was not sent 20 days in advance of the July 27, 2022 SORA hearing as required under Correction Law § 168-n (3).