People v Blount (2025 NY Slip Op 05972)

People v Blount

2025 NY Slip Op 05972

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2013-09403

[*1]The People of the State of New York, respondent,
v
Matthew Blount, appellant.

Twyla Carter, New York, NY (Lorraine Maddalo and Stephen Chu of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Ann Donnelly, J.), dated September 10, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and a new determination thereafter in accordance herewith.
The defendant was convicted, upon his plea of guilty, of sexual misconduct and endangering the welfare of a child. The defendant appeared before the Supreme Court with counsel on July 29, 2013, for a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C). Defense counsel requested, and was granted, an adjournment of the hearing so that she could obtain additional papers. On September 10, 2013, the People and defense counsel reconvened for the SORA hearing, however, the defendant was not present. Defense counsel requested a further adjournment, stating that the defendant had expressed an interest in being present, she did not know why he was absent, and she had been unable to reach him by telephone. Over defense counsel's objection, the court continued with the hearing. At the conclusion of the hearing, the court designated the defendant a level two sex offender. The defendant appeals.
"A sex offender facing risk level classification under SORA has a due process right to be present at the SORA hearing" (People v Perez, 220 AD3d 818, 819; see Correction Law § 168-n[3]). "To establish whether a defendant, by failing to appear at a SORA hearing, has waived the right to be present, evidence must be shown that the defendant was advised of the hearing date, of the right to be present at the hearing, and that the hearing would be conducted in his or her absence" (People v Porter, 37 AD3d 797, 797; see People v Perez, 220 AD3d at 819). "Before proceeding in the defendant's absence, the court must make an inquiry and recite on the record the facts and reasons it relied upon in determining that the defendant's absence was deliberate" (People v Brooks, 308 AD2d 99, 104; see Correction Law § 168-n[6]). Here, defense counsel expressly stated that the defendant was not waiving his right to be present after he failed to appear for the SORA hearing, and there is no evidence in the record that the defendant was made aware of the consequences of failing to appear for the SORA hearing or that his absence on September 10, 2013, was deliberate.
Since the record fails to establish that the defendant voluntarily waived his right to be present at the SORA hearing, the order must be reversed and the matter remitted to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination thereafter, to be preceded by notice to the defendant in accordance with Correction Law § 168-n(3).
In light of our determination, we do not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court